## HETTENBAUGH et al. v. AIRLINE PILOTS ASS'N INTERNATIONAL.

### No. 13305.

United States Court of Appeals Fifth Circuit.

May 1, 1951.

Rehearing Denied June 1, 1951.

Thomas H. Anderson, Miami, Fla., Jack R. Courshon, Miami Beach, Fla., for appellant.

G. Kenneth Kemper, Carl T. Hoffman, Miami, Fla., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order dismissing a complaint brought by appellants against the Airline Pilots Association Internation-

al, a voluntary unincorporated association. The only ground of dismissal that we need to notice is lack of jurisdiction in the United States district court. The following pertinent facts are alleged in the complaint:

Richard J. Hettenbaugh and 48 others were employed as pilots for the National Airlines, Inc., a Florida corporation, which was subject to the terms of the Railway Labor Act.[1] The appellee, an unincorporated association existing under the laws of Illinois and domiciled in Chicago, was the bargaining agent of all the pilots. On December 9, 1941, the appellee entered into a written collective bargaining agreement with the National Airlines, Inc., which agreement, as renewed and amended, has remained in full force and effect at all times material hereto. The appellee had other bargaining contracts with other airlines, and was the recognized collective bargaining agent of airline pilots flying for common carriers in the United States.

As a result of a controversy between National Airlines, Inc., and the appellee, concerning the discharge of one Maston O'Neal, the National Airline Pilots Association struck on February 3, 1948. In order to keep the line going, the company employed the appellants from the date of the strike until November 24, 1948, when the striking pilots went back to work. The complaint charges that the appellee, notwithstanding its obligation to the appellants, has discriminated against them by wilfully and wrongfully refusing to allow its members to fly with them as pilots or co-pilots, by refusing to bargain for or act on behalf of them, by causing a complaint to be filed with the Civil Aeronautics Board to the effect that it constituted a threat to aerial navigation for the appellants to fly with members of its association, by threatening to cause strikes on other airlines that might hire the appellants, and by threatening to call a strike on National Airlines if it should reemploy the appellants, who went to work after the strike of February 3, 1948. The complaint further charges the appellee with having deliberately violated

the obligations imposed on it by said Railway Labor Act, and with having prevented the continuance of peaceful working conditions between its members and the several appellants. On March 22, 1950, appellants brought this suit seeking to enjoin the appellee from continuing to act as the bargaining agent for the personnel employed by National Airlines; also for an accounting and damages. From a judgment of dismissal as aforesaid, the plaintiffs appealed to this court.

We are of the opinion that the complaint does not have a sufficient showing of diversity of citizenship or of a federal question to warrant a federal court in taking jurisdiction. No diversity of citizenship is alleged. All that is stated in the complaint is that the plaintiffs are citizens of Florida, and that the defendant is a voluntary unincorporated association existing under the laws of Illinois, with its domicile in the City of Chicago. No allegation is made as to the residence or citizenship of the members of the unincorporated association. It is well settled that, for the purposes of federal jurisdiction, an unincorporated association is not a citizen of any particular state in its own right, but that the actual citizenship of its members is determinative. Even though it appears that the appellee exists under the laws of Illinois and has its domicile in Chicago, it still has a large membership in Florida. Thus there is no diversity of citizenship such as will confer jurisdiction on a federal district court.

Likewise, the complaint does not state a federal question. To pose a federal question, there must be an allegation of a violation of some right granted by a federal statute or by the federal constitution. No violation of any such right is alleged. The most the complaint does in this case is to allege that the National Airlines was subject to the terms of the Railway Labor Act, and that the appellee had deliberately violated the obligation imposed on it by the act for the purpose of defeating the lawful objective sought to be obtained by said Act.

1. 48 Stat. 1185, 45 U.S.C., Sec. 151 et seq., 45 U.S.C.A. § 151 et seq.

As stated by the Supreme Court in Terminal Railroad Ass'n of St. Louis v. Brotherhood of Railroad Trainmen, 318 U.S. 1, at page 6, 63 S.Ct. 420, at page 423, 87 L. Ed. 571: "The Railway Labor Act, like the National Labor Relations Act [29 U.S.C.A., § 151 et seq.], does not undertake governmental regulation of wages, hours, or working conditions. Instead it seeks to provide a means by which agreement may be reached with respect to them. The national interest expressed by those Acts is not primarily in the working conditions as such. So far as the Act itself is concerned these conditions may be as bad as the employees will tolerate or be made as good as they can bargain for. The Act does not fix and does not authorize anyone to fix generally applicable standards for working conditions. The federal interest that is fostered is to see that disagreement about conditions does not reach the point of interfering with interstate commerce."

■■ There is no allegation here that the bargaining agreement between the parties discriminated against the appellants. At most, there is an allegation of a breach of the bargaining agreement. Any right of action, if one exists, is based on the alleged breach of the bargaining agreement, and does not arise under the Railway Labor Act, but only from the consequent contractual relations of the parties. The federal courts are not charged by federal law with the duty of policing parties in the performance of collective bargaining agreements entered into pursuant to the Railway Labor Act. See Hayes v. Union Pac. R. Co., 9 Cir., 184 F.2d 337.

The Congress did not, by the Railway Labor Act, grant jurisdiction to the federal courts to afford relief for breaches of performance of collective bargaining agreements. Appropriate quasi-judicial tribunals have been established for that purpose. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795. It is only when collective bargaining agreements are unlawfully entered into, or when the agreements themselves are unlawful in terms or effect, that federal courts may act. The question of federal jurisdiction being decisive, it is not necessary to consider the other contentions made by the parties. The dismissal of the cause for want of jurisdiction was correct.

Affirmed.