PELLICER et al. v. BROTHERHOOD OF RY. & S.S. CLERKS, FREIGHT HANDLERS, EXPRESS & STATION EMPLOYEES et al.

Civ. A. No. 2591-J.

United States District Court
S. D. Florida, Jacksonville Division.

Nov. 16, 1953.

Edward J. Hickey, Jr., of Mulholland, Robie & Hickey, Washington, D. C., and William L. Durden, of Durden, Whitehead, Hadlow & Adams, Jacksonville, Fla., for defendants Brotherhood of Ry. & S.S. Clerks, etc., and Silas McKinney.

SIMPSON, District Judge.

Plaintiff is an employee at Jacksonville, Florida, of the defendant Railway Express Agency and a member of the craft of clerks, freight handlers, express and station employees. Defendant Brotherhood of Railway and Steamship Clerks is the collective bargaining representative under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., of the members of this craft. The wages, rules, and working conditions applicable to plaintiff's employment are established and governed by a bargaining agreement between the Express Company and the Brotherhood.

By this action plaintiff seeks, on his own behalf and on behalf of other employees alleged to be similarly situated, to have enjoined, as unlawful under the Railway Labor Act and the federal Constitution, an amendment to the bargaining agreement made by the Express Company and the Brotherhood in 1952 modifying seniority rights.

The material facts alleged in the complaint may be summarized as follows: Since the time of plaintiff's initial employment in 1929, agreements have been in effect between the Express Company and the Brotherhood covering plaintiff's hours of service, working conditions, and seniority rights. It is alleged that all such agreements except the one made in 1952 of which plaintiff complains prescribed certain prerequisites for acquiring seniority rights. A copy of such an agreement alleged to contain these requirements is attached as an exhibit to the complaint. In December of 1930 plaintiff's seniority was established pursuant to said requirements and his name and seniority date placed on a seniority roster posted in January 1931. It has similarly appeared on all rosters posted for the years 1932 to 1952.

Martin J. Pearl and Thurman G. Justice, Jacksonville, Fla., for plaintiff.

Charles R. Scott, of Fleming, Jones, Scott & Botts, Jacksonville, Fla., for defendant Railway Express Agency, Inc.

It is further alleged that the defendant Silas McKinney, a colored employee of the Express Company at Jacksonville, did not appear on said roster or on any seniority roster posted during the period 1932–1952, and that neither McKinney nor any other colored employee of the craft at Jacksonville have ever validly acquired seniority rights.

As a result of an amendment to the agreement made by the Express Company and the Brotherhood in late 1952, a seniority roster was posted in January of 1953 which contained the name of the defendant Silas McKinney and the names of 531 other colored employees. A copy of said seniority roster, attached by plaintiff as an exhibit to the complaint, discloses that the seniority dates assigned to the colored employees have been integrated with the dates assigned to the white employees so as to result in a listing of employees, white as well as colored, in chronological order. The result is to place plaintiff and certain of the other white employees lower on the seniority roster than they were during the years 1932–1952 and now would be had not the integration of the colored employees been effected by agreement between defendants Brotherhood and Express Company.

Plaintiff asserts that the seniority dates assigned to the colored employees were never validly acquired pursuant to the requirements of the bargaining agreement as it existed prior to late 1952, and resulted only because of the allegedly invalid amendment to the agreement made in 1952.

No claim of discharge, layoff, loss of promotion rights, or the like is alleged to have resulted to plaintiff or to the employees which he purports to represent. The cause of action is based solely upon the claim that the 1952 agreement was unlawfully entered into and is unlawful in its terms and effects in violation of the Railway Labor Act and the Constitutional guaranty of equal protection because it was allegedly entered into only for the benefit and advantage of the colored employees of the Jacksonville seniority district and not for the benefit and advantage of all members of the craft or class.

The complaint was originally filed in the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, from which it was removed jointly by all defendants to this Court pursuant to the provisions of Section 1441 of Title 28, U.S. Code, as a cause of action arising under a federal law regulating commerce as well as the Constitution and laws of the United States, and as such within the original jurisdiction of the federal district courts. 28 U.S.C.A. §§ 1331 and 1337.

All defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

■ At the outset, the question of jurisdiction of the subject matter of the complaint must be considered. If the asserted cause of action is based upon an alleged breach of a bargaining agreement, exclusive jurisdiction is vested in the National Railroad Adjustment Board by Section 3 of the Railway Labor Act, as amended, 45 U.S.C.A. § 153. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Brotherhood of Locomotive Firemen & Enginemen v. Central of Georgia Railway Co., 5 Cir., 199 F.2d 384; Hettenbaugh v. Airline Pilots Ass'n International, 5 Cir., 189 F.2d 319.

■ But if the complaint alleges a violation of some right granted by a federal statute or by the federal Constitution, a federal question is presented and the court has jurisdiction. Tunstall v. Brotherhood of L. F. & E., 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Brotherhood of Locomotive Firemen & Enginemen v. Mitchell, 5 Cir., 190 F.2d 308; Hettenbaugh v. Airline Pilots Ass'n International, 5 Cir., 189 F.2d 319, 320.

■ Here it is clear that plaintiff does not base his cause of action on any alleged breach of a bargaining agreement. To the contrary, he specifically negates reliance on any provisions of the agreement which would require inter-

pretation of application, and limits his cause of action to the claim that the 1952 amendment to the agreement made by the Express Company and the Brotherhood was unlawfully entered into and is unlawful in its terms and effects and thus is a violation of the Railway Labor Act and plaintiff's rights under the federal Constitution. The Railroad Adjustment Board clearly does not have jurisdiction to determine such a question. Consequently, the cause of action asserted is one within the jurisdiction of this Court.

■■ It does not necessarily follow, however, because jurisdiction exists that the claim is well founded. It is well established that a failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed. 912; Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939. For reasons to be discussed, I am of the opinion that the complaint fails to make out a cause of action and that therefore defendants' motions to dismiss should be granted.

The substance of plaintiff's claim is that any amendment or modification in the provisions of a collective bargaining agreement must operate equally as to all members of the craft without discrimination, and that all must be treated in an identical manner. This was confirmed at the time of oral argument. No fraud or bad faith is claimed.

In support of this position plaintiff relies on the holding of the Supreme Court in Steele v. Louisville & Nashville Railway Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 and other similar decisions involving racial discrimination. See Tunstall v. Brotherhood of L. F. & E., 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Brotherhood of Railroad Trainmen v. Howard, 343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283; Brotherhood of Locomotive Firemen & Enginemen v. Mitchell, 5 Cir., 190 F.2d 308; Rolax v. Atlantic Coast Line Railroad Co., 4 Cir., 186 F.2d 473. But as I read these decisions they do not stand for the proposition for which plaintiff contends. In the Steele case the complaint disclosed a change in an agreement based solely on race, the effect of which would have eliminated Negro firemen from service. The Court held that discriminations based on race alone were "obviously irrelevant and invidious", and constituted a violation of the obligation of a bargaining representative under the Railway Labor Act to represent all employees of the craft fairly and without hostile discrimination because of race. But the Court also stated, 323 U.S. 192, 203, 65 S.Ct. 232:

"This does not mean that the statutory representative of a craft is barred from making contracts which may have unfavorable effects on some of the members of the craft represented. Variations in the terms of the contract based on differences relevant to the authorized purposes of the contract in conditions to which they are to be applied, such as differences in seniority, the type of work performed, the competence and skill with which it is performed, are within the scope of the bargaining representation of a craft, all of whose members are not identical in their interest or merit."

Here, except for the claim amounting to no more than a conclusion of law that the amended agreement was arbitrarily entered into and is arbitrary and discriminatory in its terms and effects, there are no factual allegations in the complaint that the Express Company and the Brotherhood did not in good faith negotiate and make the seniority changes effectuated by the amended agreement. It would indeed "turn the blade inward" were this Court to hold invalid and unlawful that which appears on the face of the complaint and attached exhibits to be a good faith effort on the part of the Brotherhood and Express Company to comply with pronouncements of the

Supreme Court in the racial discrimination cases.

■ It is significant that in cases where challenged changes in seniority provisions did not involve racial discrimination, the courts consistently have refused to upset the agreement. Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048; System Federation No. 59 of Railway Employees' Department of American Federation of Labor v. Louisiana & A. Ry. Co., 5 Cir., 119 F.2d 509, certiorari denied 314 U.S. 656, 62 S.Ct. 108, 86 L.Ed. 526; Hartley v. Brotherhood of Railway & Steamship Clerks, 283 Mich. 201, 277 N.W. 885; Elder v. New York Central Ry. Co., 6 Cir., 152 F.2d 361; Lewellyn v. Fleming, 10 Cir., 154 F.2d 211. These cases establish that seniority rights stem either from a statute or are created by contract; that contractual provisions of bargaining agreements establishing such rights do not create a permanent status or give an indefinite tenure, but are subject to modification by the contracting parties; that changes effecting differentiations or unequal treatment among employees will not be invalidated unless some clearly expressed public policy is contravened; and that in the absence of fraud or bad faith the courts will not inquire into the motives which prompt such changes or substitute their judgment on the reasonableness of the modifications effected.

The latest authoritative expression to this effect is that of the Supreme Court in Ford Motor Co. v. Huffman, supra, decided on April 6, 1953. There the Court reversed a decision of the United States Court of Appeals for the Sixth Circuit which had held the mere fact of discrimination as among employees sufficient to invalidate changes in seniority provisions. Huffman v. Ford Motor Co., 6 Cir., 195 F.2d 170, 174. In rejecting this view, the Supreme Court said, 345 U.S. 338, 73 S.Ct. 686, 97 L.Ed. 1048:

> "Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion.

> "Compromises on a temporary basis, with a view to long range advantages, are natural incidents of negotiation. Differences in wages, hours and conditions of employment reflect countless variables. Seniority rules governing promotions, transfers, layoffs and similar matters may, in the first instance, revolve around length of competent service. Variations acceptable in the discretion of bargaining representatives, however, may well include differences based upon such matters as the unit within which seniority is to be computed, the privileges to which it shall relate, the nature of the work, the time at which it is done, the fitness, ability or age of the employees, their family responsibilities, injuries received in course of service, and time or labor devoted to related public service, whether civil or military, voluntary or involuntary. See, e. g., Hartley v. Brotherhood of [R. & S.S.] Clerks, 283 Mich. 201, 277 N.W. 885; and see also, Williamson & Harris, Trends in Collective Bargaining (1945), 100–103."

In the light of these observations, plaintiff's claim that all members of the craft must be treated equally and without discrimination must be rejected as contrary to established law.

The prayer for an injunction is denied, and the motions to dismiss are granted. An order in conformity with this opinion has previously been entered.