217 F.2d 205
 F. R. PELLICER, individually on behalf of himself as an employee of Railway Express Agency, Inc., et al.,
v.
BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, Freight Handlers, Express and Station Employees, et al.
 No. 14859.
 United States Court of Appeals Fifth Circuit.
 December 9, 1954.
 
 Martin J. Pearl and Thurman G. Justice, Jacksonville, Fla., for appellant.
 Richard R. Lyman, Toledo, Ohio, Charles R. Scott, William L. Durden, Jacksonville, Fla., Edward J. Hickey, Jr., Washington, D. C., (Fleming, Jones, Scott & Botts, and Durden, Whitehead, Hadlow & Adams, Jacksonville, Fla., Mulholland, Robie & Hickey, and Clarence M. Mulholland, Toledo, Ohio, of counsel), for appellees.
 Before HOLMES, BORAH, and RUSSELL, Circuit Judges.
 HOLMES, Circuit Judge.
 
 
 1
 This is an action by a railway-agency employee to have enjoined as unlawful an amendment to a bargaining agreement that modified his seniority rights by integration of colored employees with other employees. The action was instituted in a state court and removed to the federal district court. The motion to dismiss was granted because the complaint failed to state a cause of action. The question presented is whether the amendment was unlawful under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and the federal Constitution.
 
 
 2
 The plaintiff contends that the amendment was invalid because it was enacted for the sole benefit of the colored employees. No claim of discharge, layoff, loss of promotion rights, or the like, is alleged to have resulted to plaintiff or to the employees whom he represents. The substance of plaintiff's claim is that any amendment or modification in the provisions of a collective bargaining agreement must operate equally as to all members of the craft without discrimination, and that all must be treated in an identical manner. There is no charge of fraud or bad faith. The law is that changes effectuating differentiations or unequal treatment among employees are not invalid unless some clearly expressed public policy is contravened; and that in the absence of fraud or bad faith the courts will not inquire into the motives which prompt such changes, nor will they substitute their judgment for that of the bargaining agency on the reasonableness of the modifications.
 
 
 3
 This appeal is from a judgment rendered by the United States district court for the Southern district of Florida, in which an opinion of exceptional merit was written by Judge Bryan Simpson. The case is reported in Pellicer v. Brotherhood of Ry. and S. S. Clerks, etc., D.C., 118 F.Supp. 254. It would be a work of super-erogation on our part to attempt to embellish this opinion or to add anything to it. For the reasons therein stated, the judgment appealed from should be affirmed; but there is one paragraph in the opinion so strikingly in point that, for the sake of emphasis, we think it should be quoted in full:
 
 
 4
 "Here, except for the claim amounting to no more than a conclusion of law that the amended agreement was arbitrarily entered into and is arbitrary and discriminatory in its terms and effects, there are no factual allegations in the complaint that the Express Company and the Brotherhood did not in good faith negotiate and make the seniority changes effectuated by the amended agreement. It would indeed `turn the blade inward' were this Court to hold invalid and unlawful that which appears on the face of the complaint and attached exhibits to be a good faith effort on the part of the Brotherhood and Express Company to comply with pronouncements of the Supreme Court in the racial discrimination cases." 118 F.Supp. 257.
 
 
 5
 Finally, the amendment to the bargaining agreement did not amount to a discrimination against the white employees, but merely rectified an existing discrimination against the colored employees, the effect of which as to the former was damnum absque injuria. Consequently, the judgment appealed from is affirmed.
 
 
 6
 Affirmed.