D. W. SUGGS, Plaintiff,

v.

**BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN** and Central of Georgia Railway Company, Defendants.

No. 623.

United States District Court
M. D. Georgia,
Albany Division.

Feb. 17, 1960.

J. Neely Peacock, Albany, Ga., for plaintiff D. W. Suggs.

Benning M. Grice, Macon, Ga., Harold C. Heiss and Russell B. Day, Cleveland, Ohio, for defendant Brotherhood of Locomotive Firemen and Enginemen.

Julian C. Sipple, Savannah, Ga., for defendant Central of Georgia Railway Co.

BOOTLE, District Judge.

In the state court D. W. Suggs sued Brotherhood of Locomotive Firemen and Enginemen, an unincorporated association with headquarters in Cleveland, Ohio, and Central of Georgia Railway Company, alleging in Count 1 that, for many years prior to July 5, 1955, he had been a member of the Brotherhood and an employee of the Central and had attained seniority with the Central as a fireman and engineer, which seniority was a valuable property right under his contract of employment; that about April 1, 1953 the Brotherhood and Central entered into a union shop agreement under which Central undertook to remove from its service any of the members of the Brotherhood who failed to pay to the Brotherhood the required dues; that on July 5, 1955 the Brotherhood and Central, acting in conspiracy together, removed plaintiff from the seniority roster and from employment with Central on the ground that he had failed to pay his dues to the Brotherhood notwithstanding the fact that he had made every effort he could to get the matter rectified, but that the Brotherhood refused and failed to assist him in any way; that plaintiff made every effort to ascertain the amount of said dues and was ready, willing and able to pay any and all dues he might have owed, but that the Brotherhood was adamant and failed and refused to protect his employment rights as it was the Brotherhood's duty to do; that by reason of this conduct on the part of the Brotherhood he was discharged by Central; that both defendants refused to assist him in any way in the redress of his wrongful discharge; and that, because of the alleged tortious breach of his contract of employment and illegal termination thereof, he has been damaged in the sum of $30,000.00.

Count 2 repeats the foregoing allegations and adds that the dues required to be paid under the union shop agreement were used and will be used by the Brotherhood to support idealogical and political doctrines and candidates which plaintiff was and is unwilling to support and in which plaintiff did not and does not believe and that such requirement as a condition precedent to employment was in violation of plaintiff's rights under the First, Fifth and Ninth Amendments of the Constitution of the United States and that his discharge was thus illegal and violative of his rights under said amendments, and such violation of the constitutional rights of the plaintiff by the two defendants has damaged the plaintiff in the sum of $30,000.00.

The suit was removed to this court upon petition of the Brotherhood alleging its removability under 28 U.S.C. § 1441 because of this court's jurisdiction under 28 U.S.C. § 1337 in that the action arises under 45 U.S.C. § 152 Eleventh and that this court has original jurisdiction under 28 U.S.C. § 1331 for that the action arises under the Constitution of the United States, to-wit, the First, Fifth and Ninth Amendments.

Central joined in and consented to the petition for removal "to the extent and upon the grounds that the state court action was founded in part on a claim arising under the laws of the United States, to-wit: the Railway Labor Act, Title 45 USC § 151 et seq., and as to which this court has original jurisdiction; * * * that the amount in controversy exceeds exclusive of interest and costs the sum of $10,000."

■ After this court raised the question of its jurisdiction and invited briefs of counsel thereon, D. W. Suggs, plaintiff, filed a motion to remand the case to the Superior Court of Dougherty County, Georgia, and briefs have been submitted by all parties. Jurisdiction is not claimed and could not be established on the basis of diversity. Central is a Georgia corporation and has common citizenship with the plaintiff. The presence on each side of a citizen of Georgia defeats diversity jurisdiction. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 17, 71 S.Ct. 534, 541, 95 L.Ed. 702, 710 (1951); Lowry v. International Brotherhood, 259 F.2d 568, 570 (5th Cir. 1958); Russell v. Basila Mfg. Co., 246 F.2d 432 (5th Cir. 1957). Furthermore, no showing of diversity is made in the complaint with respect to the Brotherhood, the allegation being simply that it is an unincorporated association with headquarters in Cleveland, Ohio. "It is well settled that, for the purposes of federal jurisdiction, an unincorporated association is not a citizen of any particular state in its own right, but that the actual citizenship of its members is determinative." Hettenbaugh v. Airline Pilots Ass'n, 189 F.2d 319, 320 (5th Cir. 1951). See also Lowry v. International Brotherhood, supra. Also, since this is a removed action, unless it be founded upon a claim or right arising under the Constitution, treaties or laws of the United States (which we shall discuss below), the statute itself permits removal "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

■■ In order for this court to have jurisdiction of this action, it must be an action "arising under any Act of Congress regulating commerce" (28 U.S.C. § 1337) or one which "arises under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. This court is of the opinion that this action does not so arise. The test as above indicated is whether the matter in controversy, the civil action or proceeding, "arises under" the Constitution, laws or treaties of the United States. Language used frequently and imprecisely by courts and lawyers would, at first blush, incorrectly indicate an equation of that test with whether the action involves a federal question. See International Ladies' Garment Wkrs. Union, AFL v. Jay-Ann Co., 228 F.2d 632, 634 (5th Cir. 1956). Many cases involve federal questions, however, without having federal law as the basis of the suit. "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." Gully v. First Nat. Bank, 299 U.S. 109, 115, 57 S.Ct. 96, 99, 81 L.Ed. 70, 73 (1936). The fact that "a question of federal law is lurking in the background, just as farther in the background there lurks a question of constitutional law", (Gully, 299 U.S. at page 117, 57 S.Ct. at page 100) does not mean that federal law is the basis of the suit. Obviously the 1951 amendment to the Railway Labor Act, 45 U.S.C. § 152 Eleventh, authorizing union shop agreements, does not constitute the basis of plaintiff's suit, and Plaintiff is asserting no cause of action which "arises under" said amendment. At most plaintiff, squarely bottoming his grievance upon an alleged wrongful termination of employment and deprivation of seniority rights, "a tortious breach of his contract of employment and an illegal termination thereof," looks ahead and anticipates and replies to an apprehended defense. Such anticipation and forewarning that plaintiff would attack such defense on constitutional grounds does not aid in conferring jurisdiction. "Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." Gully, 299 U.S. at page 113, 57 S.Ct. at page 98. The fact that plaintiff, in drafting his complaint designed to accomplish redress for violation of his contract rights and his right to work, foresees the necessity of his coming to grips with the 1951 amendment does not confer jurisdiction on this court for, as Judge

Dooley wrote in Sandsberry v. Gulf, C. & S. F. Ry., 114 F.Supp. 834, 841 (N.D. Tex.1953): "Even if it were a certainty that the plaintiff's suit must ultimately founder on the rock of said Amendment that still would not affect the question of jurisdiction."

"A suit arises under the law that creates the cause of action." American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916). "To pose a federal question, there must be an allegation of a violation of some right granted by a federal statute or by the federal constitution." Hettenbaugh v. Airline Pilots Ass'n, 189 F.2d 319, 320 (5th Cir. 1951).

In Allen v. Southern Ry., 114 F.Supp. 72 (W.D.N.C.1953), nonunion railway employees sought against the unions and the railway company an injunction against the enforcement of a union shop agreement effected under this 1951 amendment. A three-judge court, through Circuit Judge Parker, remanded the case to the state court, holding that the complaint did not set forth a cause of action arising under the Constitution and laws of the United States, pointing out that the defendant would have to rely for protection of its rights upon action by the state courts, "which are just as much bound as are the federal courts to give effect to the laws of the United States, and in a case involving those laws are subject to review by the Supreme Court of the United States."

In the Sandsberry case, supra, the facts were quite similar to those in the Allen case, supra, except that in Sandsberry the employees brought suit before the union shop contract was signed to prevent its being signed and in their complaint took anticipatory notice of the 1951 amendment. That action, too, was remanded to the state court for failure of the complaint to state a claim or right arising under the Constitution, treaties or laws of the United States.

■ Of course, in determining the removability of this case and whether or not it should be remanded, it is not necessary to look to any amendments to the complaint filed after the removal. "Federal jurisdiction depends on the facts at the time suit is commenced, and subsequent changes neither confer nor devest it. This is well settled as to diversity of citizenship." Ford, Bacon & Davis v. Volentine, 64 F.2d 800, 801 (5th Cir. 1933).

"On May 8, 1937 (three days before trial), plaintiff amended his petition. This amendment cannot affect the jurisdiction of the federal court. That jurisdiction is determined by the petition as it was at the time of the removal from the state court." Colorado Life Co. v. Steele, 95 F.2d 535, 537 (8th Cir. 1938).

"An amendment, however, can not be made after removal to the Federal Court, to supply necessary averments, where neither petition nor record shows sufficient grounds for removal * * * or set up new grounds for removal. * * * To allow the amendment would be to change the record." Heckleman v. Yellow Cab Transit Co., 45 F.Supp. 984, 985 (E.D.Ill.1942).

However, for the reasons stated above, if Count 3 added by amendment after removal had been a part of the complaint ab initio, the complaint still would not have stated a cause of action arising under the laws, treaties or Constitution of the United States. Count 3 repeats all of the allegations, save paragraph 10 which specifically alleged a tortious breach of contract of employment and illegal termination thereof, and alleged that, under the union shop agreement, only white employees, of whom plaintiff is one, were required to pay dues as a condition precedent to holding their jobs; that there were approximately equal numbers of white and colored employees enjoying the same rates of pay, the same hours, the same working conditions and all other privileges under the contract of employment; that only white men were required to pay dues, "this constituting a rank discrimination against the white firemen and enginemen in favor of colored firemen and enginemen, and

thus said agreement as set forth was in violation of the constitutional rights of plaintiff and other white men under the First, Fifth, Ninth and Tenth Amendments to the Constitution of the United States"; and that such discrimination was solely on the basis of color and "violated plaintiff's rights under the Railway Labor Act and the constitutional amendments herein mentioned and also the Fourteenth Amendment to the United States Constitution and said union shop agreement under which plaintiff was discharged by defendant railroad was void because against public policy and was prejudicial to the public interest and was designed to deprive plaintiff of his right to earn a livelihood because of his race or color." Thus, Count 3 added by amendment simply anticipates an apprehended defense, and urges additional reasons for the alleged invalidity of the union shop agreement. Furthermore, as was held in Sandsberry v. Gulf, C. & S. F. Ry., supra, if the constitutional grievances voiced in Count 3 are unrelated to the 1951 amendment, the purported federal rights attempted to be asserted are insubstantial in law "for the reason that the Fifth and Fourteenth Amendments to the Federal Constitution, apart from the impact of some State or Federal statute or other governmental element, provide no armor in conflicts between private litigants. * * * Many decisions sustain the familiar rule that jurisdiction in the national courts cannot be sustained by merely alleging an insubstantial Federal question." Sandsberry, 114 F.Supp. at page 839. Notwithstanding the attempt of Count 3 to bring itself within the doctrine of Steele v. Louisville & Nashville R. R., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944), by alleging racial discrimination the insubstantiality of that count and the federal right thereby sought to be alleged is readily apparent when we bear in mind its admission that the plaintiff is white and is a member of an all-white union charged by him with an attempt to discriminate against him solely on the basis of race. See Syres v. Oil Workers International Union Local

23, 223 F.2d 739 (5th Cir. 1955), and Williams v. Central of Ga. Ry., 178 F. Supp. 248 (M.D.Ga.1955).

"Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined." Healy v. Ratta, 292 U.S. 263, at page 270, 54 S.Ct. 700, at page 703, 78 L.Ed. 1248.

"Where there is any doubt such doubt should be resolved against federal jurisdiction." Babb v. Paul Revere Life Ins. Co., 102 F.Supp. 247, 251 (W.D.S.C.1952).

Accordingly, an order of remand will be entered.