QIS, INC v INDUSTRIAL QUALITY CONTROL, INC

Docket No. 246486. Submitted June 2, 2004, at Lansing. Decided June 24, 2004, at 9:10 A.M. Leave to appeal sought.

QIS, Inc., brought an action in the Livingston Circuit Court against Industrial Quality Control, Inc., Tara Rush, Tracey Barnett, and Tammy Daugherty, alleging that the individual defendants violated a noncompete agreement when they stopped working for the plaintiff and formed the corporate defendant to engage in manufacturing similar to the plaintiff. The defendants moved for summary disposition, claiming in part that the agreement was invalid because the plaintiff coerced them into signing the agreement under threat of termination and that the agreement altered the terms of a collective bargaining agreement without sufficient consideration. The court, Stanley J. Latrielle, J., granted the defendants' motion, determining that the plaintiff presented the noncompete agreement after the individual defendants began working for it under the collective bargaining agreement, that the plaintiff could not dismiss the individual defendants from their employment without just cause, that the individual defendants did not receive adequate consideration for altering their employment contract, and that the noncompete agreement was void. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

Just cause for termination under the collective bargaining agreement does not include an employee's refusal to individually agree to an obligation independent from or that modifies the union contract. The union is the negotiating agent to whom the employee yielded all bargaining authority. The union must participate in negotiations to redefine just cause in order for the employer to have just cause to terminate after an employee's refusal to sign a noncompete agreement. Without the union's participation, it follows that the noncompete agreement was not supported by mutual consideration and the plaintiff may not enforce it.

Affirmed.

LABOR RELATIONS — COLLECTIVE BARGAINING AGREEMENTS — INDIVIDUAL EMPLOYEE AGREEMENTS — JUST CAUSE FOR TERMINATION — NONCOMPETE AGREEMENTS.

Where employment is terminable only for just cause as provided in a collective bargaining agreement, an employee's refusal to sign a noncompete agreement in favor of the employer does not constitute just cause for termination absent the participation of the union in redefining "just cause" to include refusal to sign the noncompete agreement.

*Miller, Johnson, Snell & Cummiskey, P.C.* (by *Nathan D. Plantinga*), for the plaintiff.

*Burchfield, Park & Pollesch, P.C.* (by *Shari L. Pollesch*), for the defendants.

Before: HOEKSTRA, P.J., and O'CONNELL and DONOFRIO, JJ.

O'CONNELL, J. Plaintiff appeals by leave granted from the trial court's order granting defendants' summary disposition motion. We affirm. This case arose when a manager for plaintiff called together certain union employees, the individual defendants[1] here, and informed them that he would withhold their paychecks until they either signed a noncompete agreement or refused. The manager also explained that refusal would result in termination. The defendants signed the agreement. After they stopped working for plaintiff, however, they arguably violated the written agreement by starting a new business, the corporate defendant, which engages in manufacturing similar to plaintiff.

The trial court initially granted summary disposition to defendants because it found that the noncompete agreement irreconcilably conflicted with a collective

---

[1] For ease of reference, the term "defendants" refers collectively to defendants Rush, Barnett, and Daugherty, and does not include the corporate defendant.

bargaining agreement that totally governed defendants' employment. We reversed that decision in an unpublished opinion, explaining that the noncompete agreement did not fatally conflict with the collective bargaining agreement.[2] However, we remanded the case without reaching the issue whether the agreement was supported by mutual consideration. On remand, the trial court held that plaintiff did not present the noncompete agreement until after defendants began their jobs, and plaintiff could not dismiss them from their employment without just cause. Under these circumstances, the trial court held that defendants did not receive adequate consideration for altering their employment contract, so the agreement was void. We agree.

Mere continuation of employment is sufficient consideration to support a noncompete agreement in an at-will employment setting. *Robert Half Int'l, Inc v Van Steenis,* 784 F Supp 1263, 1273 (ED Mich, 1991). It follows that defendants also received sufficient consideration if continuation of their employment hinged on signing the agreement. Because defendants were "just cause" employees, however, the issue is whether defendants' refusal to sign the noncompete agreement would amount to "just cause" for their termination. We agree with the trial court that the refusal to enter into an agreement outside the collective bargaining agreement's parameters would not constitute just cause for termination.

An employee who joins a union designates the union as his negotiating agent and yields to it all of his bargaining authority. *Hartley v Brotherhood of Railway Employees,* 283 Mich 201, 206; 277 NW 885 (1938);

---

[2] Unpublished opinion per curiam of the Court of Appeals, issued September 6, 2002 (Docket No. 228157).

*Quinn v Police Officers Labor Council*, 456 Mich 478, 482-483; 572 NW2d 641 (1998). Commensurate with that designation is the principle that an individual employee may properly refer all issues of contract negotiation and modification to the union. Should the employer attempt to condition employment on obligations outside the union contract, an employee may rightly suggest that the employer negotiate the proposal with the union agent. Accordingly, we are not persuaded that the union or plaintiff intended the contractual phrase "just cause" to include an employee's refusal to individually agree to an obligation independent from the union contract.

An opposite interpretation of "just cause" would significantly erode the union's ability to protect its members from employers who would foist on them individual agreements that do not conflict with the collective bargaining agreement but nevertheless create new, more expansive, and even repugnant obligations.[3] Employers could also use such an interpretation of "just cause" to dilute completely a union's bargaining power by constantly forcing individual agreements and modifications under threat of termination. Therefore, while we confirm our earlier opinion that employees have the right to enter into an agreement consistent with but separate from the collective bargaining agreement, their refusal to contract with their employer on an individual basis, apart from the union contract and without the union's participation, does not constitute "just cause" to terminate their employment. It follows that the noncompete agreement was not supported by mutual consideration, and plaintiff may not enforce it.

Affirmed.

---

[3] We note that plaintiff used this tactic in this case, and risked violating MCL 408.472 as a result.