F. J. CASEY v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN.[1]

April 24, 1936.

No. 30,745.

*A. G. McKnight, M. J. McKeon, Thomas Stevenson,* and *Harold C. Heiss,* for appellant.

*Ryan, Ryan & Ryan,* for respondent.

LORING, JUSTICE.

This case comes here upon an appeal by the defendant from an order denying its motion for judgment notwithstanding the verdict

[1]Reported in 266 N. W. 737.

or a new trial. The principal question presented is the construction of one of the rules which forms part of the contract between the defendant, in behalf of its members, and the Northern Pacific Railway Company. The plaintiff entered the service of that company in 1910 as a fireman, and his seniority rights originally dated from that year. He was a member in good standing of the defendant brotherhood.

In each seniority district of the railway firemen are ranked according to their seniority, which, of course, means their length of service, and this roster of firemen we shall, for convenience, call a "list." In railroad parlance it is apparently referred to as a "board," and those firemen who have regular runs are referred to as being on the "train board" or "regular board," and those who are callable only for extra work, because the regular runs are all taken by their seniors, are referred to as being on the "extra board." It will therefore be seen that a fireman near the bottom of the regular board or at the top of the extra board passes from one to the other according to the vicissitudes and volume of the railroad's business, depending upon the number of runs that rank as regular. He passes back and forth from regular to extra according to his rank on the list, which depends upon the date of entry into service except as otherwise provided in the rule hereinafter referred to.

It is conceded by plaintiff that in selecting its engineers the railway company calls for examination firemen from the top of the firemen's list, and the rule governing their rank if they fail to pass provides as follows:

"Should a fireman fail or refuse to pass the required Mechanical and Transportation examination, he shall be given another examination within ninety (90) days. Should he fail or refuse at the second examination he shall be given another examination within ninety (90) days. Should he fail or refuse at the third examination, *he shall be assigned and rank as the oldest extra fireman* on the seniority district *at the time he fails* his examination *at the last* trial and *he shall hold that turn for re-examination.*" (Italics supplied.)

"Note—Firemen who have failed or refused examination three times, prior to the adoption of this rule will forfeit their seniority rights to other than freight service and hostling positions."

Prior to 1920 the rule had been as indicated in the note, and the failed examinees had no further chance for examination. The 1920 rule mitigates the penalty for failure.

The plaintiff failed to pass three examinations for promotion to engineer, and it is his contention that he was not assigned rank on the firemen's list in accordance with the terms of the rule quoted. He was placed thereon to rank as of February 15, 1916, the seniority date just above that of the oldest extra fireman and just below that of the next one above, who was of course the lowest ranking man on the regular list. It is his contention that ranking him from 1916 was a violation of his rights and that as amongst the firemen on the extra board he should have been called to service prior to all of those who came in between 1910 and 1916, and that he was thereby deprived of earnings. He asserts that this was because the brotherhood's committee, charged with the interpretation of the contract between it and the railway company, interpreted it against him and requested his being placed upon the seniority list as of 1916. It is the position of the brotherhood that the rule provides for the loss of seniority which he suffered and that he was properly placed. The trial court interpreted the rule in accordance with plaintiff's theory and submitted the case to the jury upon the question of damages only. The jury returned a verdict in favor of the plaintiff for $4,500. Hence this appeal. Numerous questions are raised by the appellant, but as we dispose of the case upon the construction of the rule or contract it becomes unnecessary to consider any other question.

In the first place we regard the word "rank" as used in the railroad service as meaning place on the seniority list. As applied to the firemen's seniority list it can mean nothing else. Rights depending upon seniority are, of course, matters of contract. In the absence of contract, the railroad company might, regardless of the various times at which their employes entered the service, have as-

signed the regular runs or, made the extra calls as its convenience dictated. Aside from contract, there is no inherent or fundamental right to preference by virtue of seniority in service. Therefore the matter of seniority or place upon the seniority list is subject to the contract between the parties. All seniority rights are held by the railroad employes by virtue of the contract which has been made in their behalf with the railroad company by the brotherhood. It was competent for the brotherhood to contract in behalf of its members that under certain conditions there should be a readjustment of seniority rights and a reranking of a member upon the seniority list. It was proper for the brotherhood, acting for its members, to contract with the railroad company that after a fireman failed three times in his examination for promotion to engineer his rank on the seniority list should be below those firemen who had regular runs and above those firemen who were on the extra board. This was a reasonable penalty for lack of efficiency which failure to pass the examination demonstrated. The necessary result of placing the plaintiff where he was placed upon the list was to give him a seniority right as if he had come into the service in 1916 and not in 1910. There can be no other practical construction or application of the rule.

It is quite obvious that the rule under consideration is a penalty rule. It is so described by those in the railroad service. If by some departure from the custom of calling the higher ranking firemen for examination men ranking lower on the extra list are called for examination and fail, the rule is not interpreted as giving them a higher seniority date than their actual entry into service. That is probably the correct interpretation of the rule, but it is not here involved.

It may be that the workings of the rule, due to the variations in the volume of business, result in severer losses to firemen who fail the examination when business is good than when it is light. But doubtless the brotherhood in negotiating the contract found that in normal circumstances the rule finally adopted was the fairest and most convenient by which to reassign and rerank firemen who fail to pass the examination for engineer. The brotherhood might have

provided that the failing examinee should lose a certain number of years or a certain number of files on the seniority list. It did not do so but did provide for a new rank on the seniority list just below the junior man with a regular run and above the senior extra fireman, and it follows that from that time on his seniority must be calculated as if he had come into service between the dates when those two entered it. He can no longer have a claim of seniority as of the date of his original entry into service. At any rate, it was a matter of contract; and, as we regard that contract, it can be construed in no other way than as we have stated it above.

We must give effect to the plain language of the rule and must not give it an interpretation which would leave part of the language unnecessary and meaningless. If the failing examinee were to be restored to the extra list according to his original seniority, he might or might not go to the head of the list as the rule says he shall. If he were to be "frozen" at the head of the list, it would render the rule ineffective as to subsequent failing examinees. It may or may not be the best possible rule, but it is the one the parties made, and as applied to the actualities of the railroad service the rule is clear and free from doubt. Under usual circumstances it appears to be fair and just. To us it seems clear. It reranked the plaintiff on the firemen's list in exactly the same position which the brotherhood contends that he should be ranked. It is conceded that as so interpreted plaintiff's rights have not been violated, and the order appealed from must be reversed with directions to enter judgment for defendant notwithstanding the verdict.