BELANGER and others, Appellants, vs. LOCAL DIVISION No. 1128, AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY & MOTOR COACH EMPLOYEES OF AMERICA and others, Respondents.

*February 8—March 7, 1950.*

For the appellants there was a brief by *McGill & Leveroos* of Superior, and oral argument by *Henry N. Leveroos*.

For the respondents there was a brief by *Barney B. Barstow* and *Johnson, Fritschler & Barstow*, all of Superior, and oral argument by *Mr. Barstow*.

FRITZ, C. J.    In the declaratory judgment entered in this action on July 9, 1948, in favor of plaintiffs against defendants, the court adjudged that the April 6, 1937, agreement in relation to plaintiffs' seniority rights was a valid contract and that a seniority list under a contract made in 1946 was null and void, and unlawful because the seniority list was arbitrarily, unfairly, and capriciously changed by the union to suit themselves.    On June 7, 1949, the plaintiffs filed in

said action a petition to obtain supplemental relief, under sec. 269.56 (8), Stats., by an order requiring the bus company to place into effect forthwith the April, 1937, seniority agreement, which on July 9, 1948, was adjudged to be a valid contract. On a hearing in June, 1949, pursuant to plaintiffs' petition, the bus company filed an affidavit by its attorney in which he stated that the contract between the union and the bus company, which was in effect at the time said action was started in November, 1947, has since been terminated; that said contract was an annual contract, which terminated on August 31st of each year, and a new contract was made between the union and the bus company which became effective on September 1, 1948, and was in effect on June 17, 1949; and that it terminates on August 31, 1949. On that hearing there was also testimony by Hector McLachlan, the president and business agent of the defendant union to the following effect:

There is an existing collective-bargaining agreement between the union and the bus company, which expires September 1st of each year. The present collective-bargaining agreement became effective September 1, 1948, and expires September 1, 1949; and it was negotiated during August and July, 1949. It was negotiated for the union by myself as president and business agent, C. P. Nelson, financial secretary, executive board members, Nels Mattson, Leo Mallery, and Otto Anderson, recording secretary Ray Eklund: For the company, Mr. Collins, president of Duluth-Superior Bus Company, Mr. Thompson, vice-president, represented by Thomas McCabe, an attorney in Duluth, and assisting the union, Sam Berong, of Detroit, Michigan. The committee which negotiated the contract on behalf of the union was authorized by the union itself to so act. The 1948-1949 contract was submitted to a vote of the employees of the bus company. It was approved by almost a five-to-one margin. A secret vote was taken and was one hundred thirty-five to thirty in favor of the acceptance of the 1948 contract. At the time the vote was taken there were approximately two hundred fifty employees in the operating division. In negotiating

the 1948-1949 contract our negotiating committee considered the matter of seniority. The executive board in meeting to formulate our demands with the company did discuss and consider the seniority question but inasmuch as we had what we wanted we did not make any change in our demands in the 1948 contract. The matter was discussed by our committee in its deliberations prior to the signing of the 1948 contract.

On the proof introduced at the hearing for supplemental relief Judge DALEY stated in a memorandum opinion:

"This is an order requiring the defendants to show cause why the bus company should not be required to place the seniority agreement of April 6, 1937, into effect forthwith and why other and further relief as may be just should not be granted to the plaintiffs . . . pursuant to sec. 269.56 (8), Stats. . . . The bus company furnished the court [on the first trial] an affidavit to the effect that at the time this action was tried the issue was as to whether the seniority agreement of April 6, 1937, should be placed in effect rather than the agreement of 1947, and the supreme court held that the agreement of 1947 was entered into capriciously and that the agreement of 1937 should be placed into effect. That after the action was tried and the judgment entered on the 9th day of July, 1948, the old 1947 agreement has been terminated and a new union contract was entered into which terminates on the 31st day of August each year and that the new 1948 contract became effective on September 1, 1948. When this case was tried the so-called 1948 agreement was not in existence and necessarily could not be before the court or be the subject of litigation. If the court granted plaintiffs' petition the court would in effect be ordering the company to put into effect the 1937 agreement rather than the 1948 agreement. We are of the opinion that the court has no right to do this as the 1948 agreement was and is not before the court. The matter as between the 1948 contract and the 1937 agreement was not litigated in the action which resulted in the judgment hereinbefore referred to."

Thereupon the court denied plaintiffs' motion for an order requiring the bus company to place the seniority agreement

of April 6, 1937, into effect forthwith; and accordingly entered an order denying plaintiffs' motion. Judge DALEY rightly concluded that the court should not pass upon the validity of a contract entered into after the first trial in the action, where such subsequent contract has not been before the court. Because the record on the first trial, which resulted in the judgment of July 9, 1948, warranted the conclusion that the union had acted arbitrarily, unfairly, and capriciously in changing the 1937 agreement by making the 1947 contract, that contract was held invalid. But it was not then determined by either the trial court or this court on the first appeal that the seniority rights under the 1937 agreement cannot be changed by legitimate and valid negotiations and action by the union and the bus company. The rule that a seniority agreement can be changed by such negotiations and action, in the absence of any arbitrary or capricious action on the part of the employer and labor union has been applied in *Donovan v. Travers,* 285 Mass. 167, 188 N. E. 705; *Hartley v. Brotherhood,* 283 Mich. 201, 277 N. W. 885; *Edelstein v. Duluth, M. & I. R. R. Co.* 225 Minn. 508, 31 N. W. (2d) 465; *Leeder v. Cities Service Oil Co.* 199 Okla. 618, 189 Pac. (2d) 189; *Casey v. Brotherhood,* 197 Minn. 189, 266 N. W. 737. Thus, in *Donovan v. Travers, supra,* the court stated (p. 173):

"The substantial issue is whether the rights of the plaintiffs are fixed by the terms of the agreement between the union and the railroad corporation as it stood when the several plaintiffs entered upon their service, interpreted only in the light then available; or whether as the agreements changed from time to time, the modifications and possible changes in interpretation of terms agreed upon by the union and the railroad corporation modified and affected the individual contracts of those already in the corporation's employ. We think the latter to be the proper position. The transaction is an agreement between an employer and a labor union designed by the latter to benefit itself and those members who enter the employer's service. The employee stands

no higher than the union. If it modifies the agreement with the employer, the employee must acquiesce. In no correct sense is the union an agent. It is a principal. See *Whiting Milk Co. v. Grondin, 282* Mass. 41, 184 N. E. 379."

Likewise, in *Edelstein v. Duluth, M. & I. R. R. Co., supra,* the court stated (p. 519) :

"Authority of an employees' statutory bargaining representative to enter into contracts concerning rates of pay, rules, and working conditions includes as incidental thereto authority to contract prospectively with the railroad with reference to seniority rights of the members of the craft represented by the bargaining representative. *Lewellyn v. Fleming,* (10 Cir.) 154 Fed. (2d) 211. The case of *Steele v. Louisville & N. R. Co.* 323 U. S. 192, 65 Sup. Ct. 226, 89 L. Ed. 173, in effect so holds. In *Casey v. Brotherhood,* etc., 197 Minn. 189, 192, 266 N. W. 737, 738, we held that such bargaining authority includes authority to contract with reference to seniority and said: '. . . Aside from contract, there is no inherent or fundamental right to preference by virtue of seniority in service. Therefore the matter of seniority or place upon the seniority list is subject to the contract between the parties. All seniority rights are held by the railroad employees by virtue of the contract which has been made in their behalf with the railroad company by the brotherhood.' An employment contract between a railroad and its employees' statutory bargaining representative containing provisions for seniority rights of employees may by agreement operating prospectively not only be amended and interpreted, but also entirely superseded. The conclusion follows from the facts that a contract of employment between such parties may be amended, interpreted, or superseded, and that seniority rights, being a matter pertaining to rules and working conditions, are contractual."

On the hearing which resulted in the court's order of August 5, 1949,—now under review,—it was evident that the new 1948 collective-bargaining agreement was negotiated and made between the union and the bus company with knowledge of the court's decision that the parties must not act arbitrarily, capriciously, and unfairly toward the plain-

tiffs; that matters concerning seniority were duly considered by the union and the bus company in reaching the new agreement; and that it was submitted to a secret vote of the employees for the approval or rejection thereof, and was approved by a vote of one hundred thirty-five to thirty. As on that hearing the 1948 contract was not otherwise before the trial court, and the matter as between the 1948 contract and the 1937 agreement was not litigated on the first trial, Judge DALEY rightly concluded that the court should not render a decision based on a matter which was not litigated.

*By the Court.*—Order affirmed.