19139. LAMON *v.* GEORGIA SOUTHERN & FLORIDA RAILWAY CO.

19145. GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.* LAMON *et al.*

64

SUBMITTED OCTOBER 10, 1955—DECIDED NOVEMBER 14, 1955.

*Paul M. Conaway, Jack J. Gautier,* for plaintiff in error.

*Martin, Snow & Grant, Bloch, Hall, Groover & Hawkins,* contra.

MOBLEY, Justice. ■ The court did not err in holding that it had jurisdiction. The question here involved is the validity of the contract entered into between the union and the railroad on February 3, 1955, amending the original agreement of 1937 as revised in 1940, providing compulsory retirement of conductors upon reaching the age of 70 years. Its meaning is perfectly clear, for it plainly provides that conductors must retire upon reaching the age of 70 years. There is no dispute between the parties about its meaning. The entire controversy is as to its validity. It is contended that the trial court was without jurisdiction because the matters involved are within the jurisdiction of the National Railroad Adjustment Board exclusively under Title 45, § 153 of U. S. C. A., as the contracts were negotiated under provisions of the Railway Labor Act. It has been definitely established that the courts are without power to interpret union collective agreements prior to an interpretation of such agreement by the Railway Adjustment Board, where the interpretation will govern future relations between the parties. Slocum *v.* Delaware, Lackawanna & Western R. Co., 339 U. S. 239 (1) (70 Sup. Ct. 577, 94 L. ed. 795) ; Order of Ry. Conductors of America *v.* Pitney, 326 U. S. 561 (66 Sup. Ct. 322, 90 L. ed. 318) ; Order of Railway Conductors of America *v.* Southern Railway Co., 339 U. S. 255 (70 Sup. Ct. 585, 94 L. ed. 811) ; *Central of Georgia Ry. Co.* v. *Brotherhood of Railroad Trainmen,* 211 *Ga.* 263 (85 S. E. 2d 413).

It is equally well established that, where a dispute involves the validity of a contract, not its meaning, it can not be resolved by interpretation of a bargaining agreement so as to give exclusive jurisdiction to the Railway Adjustment Board. Brotherhood of Railroad Trainmen *v.* Howard, 343 U. S. 768 (72 Sup. Ct. 1022, 96 L. ed. 1283).

■

Counsel for the railroad concede in their brief that four district court cases, cited by them in support of the validity of the contract, rejected contentions as to jurisdiction similar to theirs and held that the court had jurisdiction. McMullans *v.* Kansas, Oklahoma & Gulf Ry. Co., 129 Fed. Supp. 157; Goodin *v.* Clinchfield Railroad Co., 125 Fed. Supp. 441; Boget *v.* Chicago & Northwestern Railroad Co. (not reported); Beasley *v.* Atlantic Coast Line Railroad Co. (not reported). See also Williams *v.* Central of Georgia Ry. Co., 124 Fed. Supp. 164; Moore *v.* Illinois Central Railroad Co., 312 U. S. 630 (61 Sup. Ct. 754, 85 L. ed. 1089).

Nothing contained herein is in conflict with *Central of Georgia Ry. Co.* v. *Brotherhood of Railroad Trainmen,* supra, for there the majority held that the question was the interpretation of the agreement, which would result primarily in a determination of future relations between the carrier and the employee, and that the validity of the contract was not in issue.

In view of the holding in the next division, it is not necessary to deal with the other alleged error in the cross-bill of exceptions, that injunction was not a proper remedy in this case.

■ We next deal with the main bill of exceptions, wherein it is contended that the compulsory retirement agreement was invalid for a number of reasons.

The first reason assigned is that, by and through the collective-bargaining agreement of 1937, as revised in 1940, the plaintiff had and has a vested property right in his acquired seniority, and that the collective-bargaining agreement of 1955 is invalid, null, and void because it divests him of his seniority rights, thus taking his property without due process of law in violation of the State and Federal Constitutions.

Under the original agreement of 1937, as revised in 1940, it is provided that the agreement may be "revised or abrogated." It is under this contract that the plaintiff contends that he has acquired his seniority, a vested property right. He was a member of the union at the time the contract was negotiated and the union was his recognized bargaining representative.

"The members of a union organization, who have constituted the organization exclusive bargaining agent on behalf of all employees of their employer, are bound by the terms of a contract made on their behalf by the organization." *Savage* v. *Western*

*Union Telegraph Co.,* 198 *Ga.* 728 (2) (32 S. E. 2d 785). Having acquired his seniority under this contract, he is bound by the limitation that the contract may be revised or abrogated, and any rights acquired under that contract would be subject to revision or abrogation by a subsequent valid amendment thereto. See Ford Motor Co. *v.* Huffman, 345 U. S. 330 (73 Sup. Ct. 681, 97 L. ed. 1048); Lewellyn *v.* Fleming, 154 Fed. 2d 211; Elder *v.* New York Cent. R. Co., 152 Fed. 2d 361. One may waive or renounce his constitutional rights; and if the plaintiff acquired seniority under the contract, he could under the same contract, as he did here, agree that the contract might be waived or abrogated. *Bradford* v. *Mills,* 208 *Ga.* 198 (1) (66 S. E. 2d 58).

The above disposes of the question of whether the plaintiff was illegally deprived of his seniority rights. As to whether seniority rights that arise from a collective-bargaining agreement vest immutable property rights, courts from other jurisdictions, so far as we are able to learn, uniformly hold that "collective bargaining agreements do not create a permanent status, give an indefinite tenure, or extend rights created and arising under the contract, beyond its life, when it has been terminated in accordance with its provisions." System Federation No. 59 &c. *v.* Louisiana & A. Ry. Co., 119 Fed. 2d 509, 515 (certiorari den. 314 U. S. 656).

Seniority arises only out of contract or statute. An employee has "no inherent right to seniority in service." Ryan *v.* New York Central R. Co., 267 Mich. 202, 208 (255 N. W. 365); Casey *v.* Brotherhood, 197 Minn. 189, 192 (266 N. W. 737); Trailmobile Co. *v.* Whirls, 331 U. S. 40, 45 (67 Sup. Ct. 982, 91 L. ed. 1328).

"Seniority among railway workers is fundamentally and wholly contractual, does not arise from mere employment, and is not an inherent, natural, or constitutional right." Colbert *v.* Brotherhood of Railroad Trainmen, 206 Fed. 2d 9 (2). See also Pellicer *v.* Brotherhood of Railway & Steamship Clerks, 217 Fed. 2d 205.

The cases relied upon by the plaintiff in error are distinguishable, in that they involve the violation or misapplication of an existing bargaining agreement, as by preferring an employee with less seniority over another with greater seniority, where the employee is still in service of the employer under the contract, and such violation of the agreement deprives the employee of his

seniority rights. Such seniority rights, which are property rights, will be protected in the courts. *Evans* v. *Louisville & Nashville R. Co.*, 191 *Ga.* 395 (12 S. E. 2d 611).

Next, the agreement does not, as contended, discriminate against any special class or minority, that is, in favor of the younger men as against the older, but equally affects all persons covered by the agreement. Each conductor will be affected at a different time, but all will be affected the same, that is, when each reaches 70 years of age.

The Railway Labor Act imposes upon the bargaining representative of a craft the duty to act fairly in behalf of all those for whom they act without hostile discrimination against them. "This does not mean that the statutory representative of a craft is barred from making contracts which may have unfavorable effects on some of the members of the craft represented. Variations in the terms of the contract based on differences relevant to the authorized purposes of the contract in conditions to which they are to be applied, such as differences in seniority, the type of work performed, the competence and skill with which it is performed, are within the scope of the bargaining representation of a craft, all of whose members are not identical in their interest or merit." Steele *v.* Louisville & Nashville Railroad Co., 323 U. S. 192, 203 (65 Sup. Ct. 226, 89 L. ed. 173). The Railway Labor Act provides that employees shall have the right to organize and bargain collectively through representatives chosen by them, and the majority of any craft have the right to determine who shall represent them. 45 U. S. C. A. § 152. It is conceded here that the defendant union was the authorized bargaining representative of the plaintiff's craft.

The plaintiff could not, therefore, complain that the contract was discriminatory because conductors were forced to retire at 70 where engineers were not. Engineers are in a different craft, represented by a different bargaining representative and operating under a different contract.

Next, the subject matter of the agreement—compulsory retirement at age 70 years—is a proper object of collective bargaining. Goodin *v.* Clinchfield Railroad Co., 125 Fed. Supp. 441 (supra); McMullans *v.* Kansas, Oklahoma & Gulf Ry. Co., 129 Fed. Supp. 157 (supra); Inland Steel Co. *v.* National Labor Relations Board,

170 Fed. 2d 247, 252 (12 A. L. R. 2d 240); National Licorice Co. v. National Labor Relations Board, 309 U. S. 350, 360 (60 Sup. Ct. 569, 84 L. ed. 799).

The plaintiff relies upon the case of Railroad Retirement Board v. Alton, 295 U. S. 330 (55 Sup. Ct. 758, 79 L. ed. 1468). However, that case is distinguishable, in that there the court held that Congress did not have the authority to pass compulsory-retirement legislation. Here the question is the right of private parties to contract as to compulsory retirement upon reaching a certain age. We know of no inhibition against that.

Next, there is no merit in the contention of the plaintiff that the defendant union, which admittedly represented him in the original bargaining agreement of 1937, as revised in 1940, and in the amendment of February 3, 1955, did not bind him by the latter agreement because, in entering into the agreement, it violated its charter and by-laws and executed the agreement without complying with the same. The plaintiff's pleadings did not charge notice to the railroad of such alleged violation; and the railroad in dealing with the union—plaintiff's bargaining agent, was under no duty to look beyond the fact that it had been certified as such pursuant to the terms of the Railway Labor Act, and was not required to examine into the specific authority of the agent, as such authority might be affected by the by-laws and charter of the collective-bargaining agent. Order of Railway Conductors v. Gorman, 133 Fed. 2d 273; Childers v. Brotherhood of Railway Trainmen, 192 Fed. 2d 956.

It was held in Day v. L. & N. R. Co., 295 Ky. 679 (175 S. W. 2d 347), that members of a trade union as between themselves may agree to the procedure to be followed in authorizing agents of a union to agree to specific contracts, but as between members and an employer, members cannot question the specific authority of their own bargaining agent; after a contract has been entered into between a trade union and an employer, the court may not determine whether the procedure agreed upon among members in respect to specific authority of a bargaining agent has been followed.

We are not here dealing with the question of liability of the plaintiff's bargaining agent to him for alleged failure to represent him properly.

*Judgment affirmed on both the main and cross-bills of exceptions. All the Justices concur.*