19160, 19161. FLOWERS *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN *et al.;* and *vice versa.*

ARGUED NOVEMBER 14, 1955—DECIDED JANUARY 9, 1956.

Paul M. Conaway, Jack J. Gautier, for plaintiff in error.
Benning M. Grice, Harris, Russell, Weaver & Watkins, Julian C. Sipple, Harold C. Heiss & Russell B. Day, John B. Miller, contra.

ALMAND, Justice. King Solomon Flowers sought to enjoin the Brotherhood of Locomotive Firemen and Enginemen, Central of Georgia Railway Company, and others, from forcing the petitioner's retirement as a fireman of the railway company because he had attained the age of 70 years. He alleged that he had been an employee of the company for more than 50 years, and was now 71 years old and in good health and fully capable of performing his duties as a fireman; that the railway company had ordered his retirement by virtue of an amendment of March 14, 1954, to a then-existing contract between the railway company and the brotherhood, which amendment provided that firemen should forfeit all seniority rights and be retired from service when they attained the age of 70 years.

The petitioner contended that such amendment to the collective-bargaining agreement entered into was invalid for several reasons, to wit: (1) it sought to deprive him of his seniority rights, which are property rights, by forcing his retirement without his consent, and depriving him of his property without due process of law in violation of stated constitutional provisions; (2) it is discriminatory, in that it discriminates in favor of younger firemen at the expense of older ones; (3) compulsory retirement of firemen at the age of 70 was not a matter which could be settled by negotiation or contract between the brotherhood, as collective-bargaining agent, and the railway company; and (4) the plaintiff was not a member of said brotherhood, and it had no authority to bind him in the matter of retirement, and he had never requested or approved the said agreement providing for compulsory retirement of firemen.

The defendants filed general demurrers to the petition, and on a hearing the court sustained three grounds of the demurrer of the brotherhood, overruled two grounds, and sustained the demurrer of the railway company. To that part of the court's order sustaining the general grounds of demurrers the petitioner excepted by a main bill of exceptions; and the brotherhood by cross-bill of exceptions assigns error on the court's overruling two of the grounds of its demurrer.

All questions and issues raised in this case except one were determined adversely to the contentions of the present petitioner in the case of Lamon v. Ga. So. & Fla. R. Co., 212 Ga. 63 (90 S.

E. 2d 658). The only issue here made and not there decided is the one in which the plaintiff asserts that, since he was not a member of the defendant brotherhood, and under its rules could not be a member, such brotherhood did not have any authority to enter into a contract with his employer for the surrender of his seniority rights and compel him to retire against his will because he was 70 years of age.

It is apparent from the pleadings in the instant case that the defendant brotherhood was the duly elected representative of the firemen and enginemen in the employ of the defendant railway company under the provisions of the act of Congress known as the Railway Labor Act (45 U. S. C. A. §§ 151 et seq.) ; and under the provisions of that act, the brotherhood had the right and authority to negotiate a contract with the railroad concerning wages and working conditions, and such representative bargaining agency was under a duty to represent those who did not belong to the brotherhood as well as those who did, and no employee, a member of the class represented by the bargaining agent, would have a right to negotiate independently a contract of employment with the railroad. Steele v. Louisville &c. R. Co., 323 U. S. 192 (65 Sup. Ct. 226, 89 L. ed. 173) ; Lewellyn v. Fleming, 154 Fed. 2d 211 (cert. den. 329 U. S. 715) ; Betts v. Easley, 161 Kan. 459 (169 Pac. 2d 831). The petitioner's right of seniority is not inherent, but if it exists, it must be by virtue of statute, administrative regulation, contract with employer, or collective-bargaining agreement. Elder v. N. Y. Central R. Co., 152 Fed. 2d 361 (1). The amendment to the collective-bargaining agreement between the Brotherhood of Locomotive Firemen and Enginemen and Central of Georgia Railway Company, being negotiated by the bargaining agent of the firemen, and being within the scope of its authority, is binding upon the petitioner; the questions of seniority and age for retirement being subject matters under the Railway Labor Act which the petitioner's bargaining agent had a right to negotiate with the employer.

In view of the rulings made in the *Lamon* case, supra, and what is said above, it follows that it was not error to sustain the general demurrers of the defendants.

The rulings complained of in the cross-bill of exceptions of the Brotherhood of Locomotive Firemen and Enginemen are identical

with those involved in the *Lamon* case, supra, and are controlled by the rulings in that case.

*Judgment affirmed on both the main bill and cross-bill of exceptions. All the Justices concur.*