229 F.2d 578
 9 Fair Empl.Prac.Cas. (BNA) 433, 1 Empl. Prac.
Dec. P 9645
T. E. GOODIN, Sr., Charles S. Fink, Clayton Norris and Will
Taylor, Appellants,
v.
CLINCHFIELD RAILROAD COMPANY, Blue Ridge Lodge No. 816 of
Brotherhood of Railroad Trainmen, Grady Briggs et
al., Appellees.
 No. 12437.
 United States Court of Appeals Sixth Circuit.
 Feb. 10, 1956.
 
 John D. Goodin, Ferdinand Powell, Jr., Johnson City, Tenn., for appellants.
 John S. McLellan, Kingsport, Tenn., Harry Dennis Erwin, Erwin, Tenn., A. K. McIntyre, Erwin, Tenn., on the brief, for appellees.
 Before McALLISTER, MILLER and STEWART, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellants, who are conductors in the employ of the appellee, Clinchfield Railroad Company, and are seventy years of age or older, sought by this action to enjoin the Railroad Company from putting into effect a provision of the existing collective bargaining contract entered into between it and the co-appellee Blue Ridge Lodge No. 816 of Railroad Trainmen, which was the designated collective bargaining representative under the Railway Labor Act, Sec. 151 et seq., Title 45 U.S.C.A., for all the conductors and trainmen of the Railroad Company. Appellants were members of the Order of Railway Conductors, Clinchfield Division 545, and only one of them belonged to the appellee Union. The provision under attack provided that all conductors and trainmen shall forfeit all seniority and retire from service upon attaining the age of seventy years. They also asked for a declaratory judgment holding said provision illegal and unenforceable.
 
 
 2
 Following the filing of answers by the Railroad Company and the Union, alleging that the compulsory retirement provision was made in good faith after extended negotiations between the Railroad Company and the Union, and that it was a valid provision, motions were also filed by them for judgment on the pleadings, which were treated by the Court as motions for summary judgment. Following a hearing at which the material facts were established without dispute, the District Judge sustained the motions and entered a decree dismissing the action, from which this appeal was taken.
 
 
 3
 Appellants contend that a provision dealing with compulsory retirement was not a matter for collective bargaining under the Railway Labor Act since it did not involve rates of pay, rules, or working conditions covered by the Act; that the Union exceeded the powers conferred on it by the Act in that it did not deal fairly and in good faith with the rights of those employees who were nonmembers of the Union or minority Union members; that the contract provision was an arbitrary and unreasonable classification of employees, deprived them of their property without due process of law, and in effect was a bill of attainder in violation of Section 9, Article 1 of the United States Constitution; and that Congress was without power to grant to one of its agencies the right to require compulsory retirement which the Supreme Court had declared unconstitutional in Railway Retirement Board v. Alton R. Co., 295 U.S. 330, 55 S.Ct. 758, 79 L.Ed. 1468.
 
 
 4
 The District Judge in a comprehensive and well reasoned opinion discussed in detail the contentions of appellants and rejected them, citing numerous authorities in support of his ruling. Goodin v. Clinchfield R. Co., D.C., 125 F.Supp. 441. For the reasons stated therein we are of the opinion that the judgment should be affirmed. See also the following cases which have been handed down since the case was decided by the District Judge: McMullans v. Kansas, Oklahoma & Gulf R. W. Company, 10 Cir., 1956, 229 F.2d 50; Lamon v. Georgia Southern & Florida Railway Co., 1955, 212 Ga. 63, 90 S.E.2d 658; U.S. Steel Corp. v. Nichols, 6 Cir., 1956, 229 F.2d 396.
 
 
 5
 Judgment affirmed.