19399. STEVENS *v.* SEABOARD AIR LINE RAILROAD COMPANY.

MOBLEY, Justice. D. M. Stevens brought his amended petition against his employer, Seaboard Air Line Railroad Company, alleging a violation of his seniority rights, praying for an injunction restraining further violations of his rights, and asking damages suffered as a result of the alleged violation. To the amended petition the defendant filed its plea to the jurisdiction. The court sustained the plea, and to that order and the order dismissing his petition the plaintiff excepts.

The amended petition alleged that, in January, 1917, the plaintiff went to work as a trainman with the East Carolina Division of the Seaboard Air Line Railroad, which division was formerly a part of the old C. A. & W. Railway. His duties on this job included those of brakeman, switchman, flagman, and baggagemaster. As a result of the purchase and merger of the C. A. & W. Railway with the Seaboard, a question of the seniority rights of employees arose. On August 17, 1918, the Railway Board of Adjustment, No. 1, handed down a decision deciding these seniority rights, and this decision is recognized by the Seaboard and by the plaintiff's union, the Brotherhood of Railroad Trainmen, as a part of their collective bargaining agreement. The effect of the decision was to give the plaintiff a seniority on the East Carolina Division as long as he remained on regular assignment therewith; but if he left his regular assignment or if it were abolished, then he would have seniority rights based on an integrated merged seniority roster, and from time to time certain employees of the East Carolina Division were integrated in the merged seniority roster of the division to which they were assigned, either the North Carolina or South Carolina Division; their date of seniority then being the date they began work with the railroad, either the C. A. & W. or the Seaboard.

The plaintiff was assigned to the North Carolina Division merged seniority list, but continued on the East Carolina Division as a trainman on regular assignment, and performed principally the duties of baggagemaster and expressman. Later, when the handling of express by trainmen was discontinued, the plaintiff acted exclusively as baggagemaster on the East Carolina Division.

In January, 1953, a reduction of trainmen on the East Carolina Division displaced the plaintiff, but under his seniority rights, preserved by the 1918 decision and agreement, the plaintiff then exercised his seniority rights on the North Carolina Division merged seniority list and worked on the North Carolina Division as baggagemaster from January, 1953, until December, 1954, at which time the Seaboard refused to recognize his seniority rights and returned his seniority to the East Carolina Division. Although he has repeatedly made demands, the Seaboard refuses to recognize his seniority rights. As a result, the plaintiff, from December, 1954, until date, has suffered a monetary loss of $2,360, and because of his age he is now unable to start a new occupation or vocation and is thus caused irreparable and continuous injury. *Held:*

"It has been definitely established that the courts are without power to interpret union collective agreements prior to an interpretation of such agreement by the Railway Adjustment Board, where the interpretation will govern future relations between the parties. Slocum *v.* Delaware, Lackawanna & Western R. Co., 339 U. S. 239 (1) (70 Sup. Ct. 577, 94 L. ed. 795); Order of Ry. Conductors of America *v.* Pitney, 326 U. S. 561 (66 Sup. Ct. 322, 90 L. ed. 318); Order of Railway Conductors of America *v.* Southern Railway Co., 339 U. S. 255 (70 Sup. Ct. 585, 94 L. ed. 811); *Central of Georgia Ry. Co.* v. *Brotherhood of Railroad Trainmen,* 211 Ga. 263 (85 S. E. 2d 413)." *Lamon* v. *Ga. S. & F. Ry. Co.,* 212 Ga. 63, 65 (90 S. E. 2d 658). Applying these rulings, of this court and of the Supreme Court of the United States, the trial court was correct in sus-

taining the plea to the jurisdiction. It is clear that what is called for in this case is an interpretation of the terms of the collective bargaining agreement between the railroad and the Brotherhood of Railroad Trainmen, the recognized bargaining agent for the craft of which the plaintiff was a member, which would govern future relations between the carrier and its employees. The validity of the agreement is not in controversy. The sole question is, what does the agreement mean and has the railroad properly interpreted the agreement in its application of it to the plaintiff? In paragraph 6 of his petition, the plaintiff alleges "that this decision protected the employment and seniority rights of all transportation employees of the East Carolina Division," and in paragraph 8 he alleges "that the effect of the decision, as shown by paragraphs 3 and 4 above, was to give petitioner a seniority on the East Carolina Division as long as he remained on regular assignment therewith, but if he left his regular assignment or if it were abolished, then he would have seniority rights based on an integrated merged seniority roster." These and many other allegations of the petition, which we will not quote, show without question that what is called for is interpretation—the meaning of the contract. The interpretation would involve future relations between the railroad and other employees, for a change in the plaintiff's seniority standing would affect those on the list below him, who in turn would displace others, none of whom are parties to this litigation, but all of whom would be before the Railway Adjustment Board.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1956—DECIDED JULY 10, 1956.

*Kennedy & Sognier,* for plaintiff in error.

*Wayland K. Sullivan, Benning M. Grice,* for party at interest not party to record.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, E. Ormonde Hunter,* contra.