20154. PRATT *et al. v.* WILSON TRUCKING COMPANY, INC., *et al.*

ARGUED JULY 16, 1958—DECIDED SEPTEMBER 5, 1958.

*Bobby Lee Cook, Joseph L. Llop, Cecil Palmour,* for plaintiffs in error.

*Wilson, Branch & Barwick, Poole, Pearce & Hall, R. T. Thompson, John Patton,* contra.

WYATT, Presiding Justice. It is obvious from the statement of facts above set out that this is a dispute between certain dissatisfied members of a labor union and the union regarding the procedure to be followed in assimilating the employees of Simpson into the seniority list of Wilson. It will be observed that the union is the duly constituted bargaining agent for the employees of Wilson, including the petitioners in this case. The contract between the Union and the company provided, among other things, that in the event the company should absorb the business of another contract or common carrier, "the seniority

of the employees absorbed or affected thereby shall be jointly determined by the Union or Unions and the Employer. Failing determination by these parties, the matter shall be processed under the grievance procedure set out in Article X of this Agreement." In the instant case, Wilson absorbed Simpson in the most complete manner possible. The Union and the Employer were unable to settle the question as to the seniority rights, and they resorted to the procedure set out in Article X of the labor contract, which provided for arbitration by the Joint State Committee. Article X further provided that, "Where a Joint State Committee, by majority vote, settles a dispute, no appeal may be taken to the Joint Area. Committee. Such a decision will be final and binding on both parties."

Whatever seniority rights the petitioners have arise solely out of the contract between the Union and the Employer, and may be lost or altered in accordance with the terms of the contract. Ford Motor Co. v. Huffman, 345 U. S. 330 (73 Sup. Ct. 681, 97 L. ed. 1048). The provisions above referred to are just as much a part of the contract as those providing for seniority. All members of a labor union who have constituted such union as their bargaining agent are bound by the terms of the contract made in their behalf by such labor union. Savage v. Western Union Tel. Co., 198 Ga. 728 (32 S. E. 2d 785).

Therefore, in the absence of fraud on the part of the Union which has resulted in injury or damage to these petitioners, petitioners are bound by the terms of the contract negotiated in their behalf, and the decision of the Joint State Committee is final and binding. The petition in the instant case is wholly lacking in any allegation of fraud or any suggestion of fraud on the part of the Union or anybody else. The petition alleges only that the Union represented the interest of the Union as a whole rather than the interest of the petitioners. If the Union did as alleged, and it is apparent that it did, they did exactly what they were bound to do. Any other action would have violated the obligation they assumed as the bargaining agent ·and representative of the employees who constituted it. "Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees

and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion." Ford Motor Co. *v.* Huffman, 345 U. S. 330, 338, supra.

It therefore appears that these plaintiffs in error have no standing in court to question the authority of their bargaining representative or to question the propriety of their acts, in the absence of any allegation of fraudulent acts or improper purposes in their actions. *Lamon* v. *Georgia Southern &c. Ry. Co.*, 212 *Ga.* 63 (90 S. E. 2d 658). It follows that the judgment of the court below dismissing the petition upon motion of the defendants was not error.

*Judgment affirmed. All the Justices concur.*