CORPORATE REORGANIZATION — DISPOSITION OF SECURITIES A corporate reorganization in which an acquiring corporation offers its securities in exchange for the outstanding securities of another, for the express purpose of gaining control of such other corporation, and in which the transaction does not involve acts incident to a class vote by stockholders, or a merger or consolidation, or reclassification of securities, or sale of corporate assets, and which is not a judicially approved reorganization, constitutes a disposition of securities for value to which 71 O.S. 301 [71-301] (1961), applies. The Attorney General has had under consideration your request for an opinion, wherein you ask, in effect: Does a Class "B" Corporation reorganization under 18 O.S. 1.170a [18-1.170a] (1961) constitute a stock transaction exempt from the jurisdiction of the Oklahoma Securities Commission as not involving a sale of securities as now uniformly recognized as exempt under a corporate merger or consolidation? It is urged that Section 2(j)(6)(C) of the Oklahoma Securities Act, (71 O.S. 1961), should be construed to embody such reorganizations as exclusions from the definitions of the terms "sale," or "sell," or "offer," or "offer to sell" as provided in Section 2 of the Act. Title 71 O.S. 2 [71-2](j)(1) (1961) provides: "'Sale' or 'sell' includes every contract of sale of, contract to sell, or disposition of, a security or interest in a security for value." Title 71 O.S. 2 [71-2](j)(2) (1961), provides: "'Offer' or 'offer to sell' includes every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security for value." Title 71 O.S. 2 [71-2](j)(6) (1961) provides, in pertinent part: "The terms defined in this subsection do not include: . . . (C) any act incident to a class vote by stockholders, pursuant to the certificate of incorporation or the applicable corporation statute, on a merger, consolidation, reclassification of securities, or sale of corporate assets in consideration of the issuance of securities of another corporation; or (D) any act incident to a judicially approved reorganization in which a security is issued in exchange for one or more outstanding securities, claims, or property interests, or partly in such exchange and partly for cash." (Emphasis added) H. B. 911, of The 28th Legislature (1961), which resulted in the amendment to Title 18, provided in Section 1 thereof: "Title 18 O.S. 1951 is hereby amended by adding the following new section after section 1 170. " (Emphasis added) Under the new section, corporate reorganizations may be effected: (A) by statutory merger or consolidation, or (B) by acquisition of control of an acquired corporation by an acquiring corporation through an exchange of their stock, or (C) the acquisition of substantially all the properties of one corporation by another, in exchange for all or part of the stock of the acquiring corporation or its parent corporation, and (D) transfer by one corporation of all or part of its assets to another in exchange solely for securities of such other if upon conclusion of the transaction the acquired corporation or its shareholders, including those who were shareholders immediately before the transfer, control the corporation to which the assets were transferred. The Uniform Securities Act, approved by the National Conference of Commissioners on Uniform State Laws, (Uniform Securities Act, 401, 9C, U.L.A.), appears as an appendix to "Blue Sky Law" by Loss Cowett (1958 Ed). Its Section 401 is codified as Section 2 of the Oklahoma Securities Act, with minor revisions not herein relevant. The Draftsmen's Commentary to Section 401(j), at page 346, contains, inter alia, the following comment regarding clause 6(C): "Clause (C) is intended to incorporate all of the SEC's traditional 'no sale theory.' . . ." (Emphasis added) SEC Rule 133 relates to its "no sale theory." It is specifically limited in coverage to corporate mergers or consolidations, reclassification of securities, and acquisition of assets. Title 18 O.S. 1.170a [18-1.170a] (1961), provides four methods whereby a corporate reorganization may be effected, three of which, (A), (C) and (D), fall within the purview of the exclusions specified in 71 O.S. 1961 2 [71-2](j)(6)(C), if the transaction involves "acts incident to a class vote by stockholders." In Seventeen Hundred Peoria, Inc. v. City of Tulsa, et al., Okl.,422 P.2d 840 (1966), the Oklahoma Supreme Court, in paragraph 1 of its syllabus, observed: "Where the language of a statute or ordinance is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed." In Oklahoma Alcoholic Beverage Control Board v. Central Liquor Co., Okl., 421 P.2d 244 (1966), our Supreme Court, in paragraph 2 of its syllabus, stated: "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention of the legislature as expressed in the statute, and the court may not change, modify, 1, amend, or restrict the plain language of a statute under the guise of statutory interpretation." In the body of its opinion, at page 248, the Court quoted 50 Am. Jur., "Statutes", 228, as follows: "'. . . It is not within the province of a court, in the course of construction of a statute, to make or supervise legislation. A statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten, or given a construction of which its words are not susceptible, or which is repugnant to its terms. The terms of the statute may not be disregarded. To depart from the meaning expressed by the words of a statute, is to alter it, and is not construction, but legislation ."' Title 71 O.S. 301 [71-301] (1961), provides: "It is unlawful for any person to offer or sell any security in this state unless (1) it is registered under this act or (2) the security or transaction is exempted under section 401." (Emphasis added) It is, therefore, the opinion of the Attorney General that your question must be answered in the negative. A corporate reorganization in which an acquiring corporation offers its securities in exchange for the outstanding securities of another, for the express purpose of gaining control of such other corporation, and in which the transaction does not involve acts incident to a class vote by stockholders, or a merger or consolidation, or reclassification of securities, or sale of corporate assets, and which is not a judicially approved reorganization, constitutes a disposition of securities for value to which 71 O.S. 301 [71-301] (1961), applies. (Carl G. Engling)